## CONFIDENTIAL SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL RELEASE

GLOBAL PAINTING OF CENTRAL FLORIDA, INC., including all of its officers, directors, representatives, shareholders, owners, agents, employees, successors, assigns and affiliates, and DAVID EMBURY AND MARCUS D. ADKINS, individually ("Defendants"), and JULIO MARADIAGA, Sr., JULIO MARADIAGA, Jr., and JULIAN BARAHONA (collectively referred to as "Plaintiffs")(Defendant and Plaintiffs collectively referred to as the "Parties"), including their heirs, representatives, attorneys, successors, and assigns, for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1. **Mutual General Release.** In consideration for the promises contained in this Settlement Agreement and General Release (the "Agreement"), the Parties unconditionally release and discharge each other (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, or causes of action which arise out of, relate to or are in any way connected with Plaintiffs' employment with, or the separation of their employment with Defendant, or which arise out of, relate to or are in any way connected with any loss, damage, or injury whatsoever to Plaintiffs resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiffs are, without limitation, all claims under Title VII of the 1964 Civil Rights Act; the Civil Rights Act of 1991; the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Equal Pay Act; the Fair Labor Standards Act ("FLSA"); the Employee Retirement Income Security Act (ERISA); the Americans with Disabilities Act of 1990; the Rehabilitation Act of 1973; the Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986; the Occupational Safety and Health Act; Florida Minimum Wage Act; Chapter 760, Florida Statutes; the Florida Private Whistle-blower's Act of 1991; Chapter 11A of the Miami-Dade County Code; and any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof.  This Release includes all claims which were, or could have been, asserted in the lawsuit styled <u>JULIO MARADIAGA, et. al v. GLOBAL PAINTING OF CENTRAL FLORIDA, INC., Case No.:13-cv-23093,</u> pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation").

2. **Settlement Amount and Attorney's Fees.** In consideration of the promises of Plaintiffs as set forth herein, the Parties agree to settle Plaintiffs' claims, inclusive of attorneys' fees and costs, for a total of Ten Thousand Seven Hundred Forty Dollars ($10,740.00) which shall be due within 30 calendar days of entry of an Order of Dismissal With Prejudice in this matter, and shall be allocated and made payable as follows:

(i) one check in the amount of Three Thousand Eight Hundred ($3,800.00), less no withholdings, made payable to JULIO MARADIAGA, Jr.;

(ii) one check in the amount of Two Thousand Three Hundred Eighty ($2,380.00), less no withholdings, made payable to JULIO MARADIAGA, Sr.;

(iii) one check in the amount of One Thousand Five Hundred and Sixty ($1,560.00), less no withholdings, made payable to JULIAN BARAHONA; and

(iv) one check in the amount of Three Thousand Dollars and no Cents ($3,000.00), less no withholdings, made payable to Rubenstein Law, P.A., representing attorneys' fees and costs incurred on Plaintiffs' behalf

3. **Indemnification**. Plaintiffs acknowledge and agree that it shall be solely and exclusively Plaintiffs' obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages and/or other compensation under this Agreement and to report and pay all related taxes or impositions for the payments made pursuant to Paragraph 2 of this Agreement. Plaintiffs shall indemnify and hold harmless Defendant, including its officers, directors, representatives, shareholders, owners, agents, employees, successors, assigns and affiliates, from and against any and all claims, damages, losses, liabilities or obligations asserted, or imposed and/or threatened against Defendant by any person or entity relating, directly or indirectly, to the monies received by Plaintiffs hereunder pursuant to Paragraph 2 of this Agreement, including, without limitation, Plaintiffs, the IRS, or any other person.

4. **Confidentiality**: The Parties, including their representatives and attorneys, agree to maintain this Agreement and its terms confidential and not disclose to others, unless required by law after providing the opposing party with a sufficient opportunity to object. In the event either Party breaches this obligation, the non-breaching party may seek an injunction or other equitable relief for such violation without posting a bond as well as any other claims or causes of action available under applicable law. The Parties waive any right to argue there is an adequate remedy at law in any injunction or other equitable proceeding. The prevailing party in such proceeding at all levels shall be entitled to attorney's fees and costs.

5. **Non-Admission Clause.** By entering into this Agreement, Defendant does not admit any liability whatsoever to Plaintiffs or to any other person arising out of or relating to Plaintiffs' employment with Defendant, or any claims asserted, or that could have been asserted by Plaintiffs, including, but not limited to any claim under the FLSA, and expressly denies any and all such liability.

6. **Non Disparaging Remarks**. The parties agree that they will not defame, disparage or impugn each other, by written or oral word, gesture, or any other means,

nor will they make any disparaging or negative comments about each other, to any person or entity. In the event that a prospective employer requests an employment reference for the Plaintiffs, the parties agree that Defendant will only provide dates of employment as known to Defendant, and/or positions held, and/or rates of pay.

    **7.** **No Re-Employment**: Plaintiffs acknowledge that they will not knowingly seek and is not entitled to, reemployment or reinstatement to employment with Defendant at any time in the future. Plaintiffs agree that this forbearance to seek future employment is purely contractual and is in no way involuntary, discriminatory, or retaliatory.

    **8.** **Jurisdiction.** The parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida.

    **9.** **Dismissal of Lawsuit**. Within five business (5) days of signing this Agreement by Defendant and delivery to Plaintiffs' counsel of a fully executed copy of this agreement, Plaintiffs' Counsel agrees to file with the Court in the Litigation a Motion for Approval of the Parties Settlement Agreement and Dismissal With Prejudice of all claims asserted by Plaintiffs in this Litigation with the Court to maintain jurisdiction to enforce the terms of this agreement.

    **10.** **Agreement Not to Be Used as Evidence**. This Agreement shall not be admissible as evidence in any proceeding except one in which a party to this Agreement seeks to enforce this Agreement, and this Agreement has been breached or seeks contribution for amounts paid under this Agreement or one in which a court or administrative agency of competent jurisdiction orders a party to produce this Agreement.

    **11.** **Voluntariness**: Plaintiffs acknowledge that they have been provided a period up to 21 days within which to decide whether to sign this Agreement. Plaintiffs should take as much of the 21-day period as they need in order to evaluate properly the release/waiver and other provisions contained in this Agreement. Plaintiff acknowledges that they have been specifically advised to consult with an attorney prior to signing this Agreement. Plaintiffs acknowledge that they have, in fact, been represented by independent legal counsel of their own choice ("Rubenstein Law, P.A.") throughout all of the negotiations preceding the execution of this Agreement and that they have executed this Agreement after consultation with such independent legal counsel. Plaintiffs further acknowledges that they have had all of its provisions explained by their attorney, who has answered any and all questions asked with regard to the meaning and legal effect of any of the provisions thereof, and that they fully understands the terms and legal effect of this Agreement. Plaintiffs further acknowledge and agree that if they execute this Agreement prior to the end of the twenty-one (21) day period, such early execution was completely voluntary. Plaintiffs also acknowledge that they enter into this Agreement voluntarily, without any pressure or coercion, and with full

knowledge of its significance and that it constitutes a full and absolute settlement and bar as to any and all claims they had, have, or may have against Defendant.

**12.** **Authority to Execute.** The individual executing this Agreement on behalf of Defendant has all requisite capacity, power and authority to execute and bind Defendant to this Agreement, and to perform all obligations hereunder.

**13.** **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

**14.** **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

**15.** **Enforcement.** In the event any action is commenced to enforce said settlement agreement, the prevailing party shall be entitled to recover its reasonable fees and costs.

**16.** **Counterparts:** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable. This Agreement has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of the Agreement. This Agreement may be amended, revoked, changed, or modified only upon a written agreement executed by both of the Parties hereto or their respective attorneys, administrators, trustees, personal representatives, and/or successors. No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

2

| | |
|---|---|
| **JULIO MARADIAGA, Sr.** | **GLOBAL PAINTING OF CENTRAL FLORIDA, INC.** |
| By: *(signature)* Julio Maradiaga, Sr. | By: _____ |
| Date: 12-9-2013 | Name: _____ |
| | Title: _____ |
| | Date: _____ |
| **JULIO MARADIAGA, Jr.** | **DAVID D. EMBURY** |
| By: *(signature)* Julio Maradiaga, Jr. | By: _____ |
| Date: 12-9-2013 | Date: _____ |
| **JULIAN BARAHONA** | **MARCUS A. ADKINS** |
| By: *(signature)* Julian Barahona | By: _____ |
| Date: 12/9/2013 | Date: _____ |

| JULIO MARADIAGA, Sr. | GLOBAL PAINTING OF CENTRAL FLORIDA, INC. |
|---|---|
| By: _____<br>  Julio Maradiaga, Sr. | By: _*signature*_____<br>Name: MARCUS A ADKINS<br>Title: vice president<br>Date: 12/9/13 |
| Date: _____ | |
| JULIO MARADIAGA, Jr. | DAVID D. EMBURY |
| By: _____<br>  Julio Maradiaga, Jr. | By: _*signature*_____ |
| Date: _____ | Date: 12·9·13 |
| JULIAN BARAHONA | MARCUS A. ADKINS |
| By: _____<br>  Julian Barahona | By: _*signature*_____ |
| Date: _____ | Date: 12/9/13 |